IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THARON B. HILL,<br><br>　　　　Petitioner,<br><br>　v.<br><br>CALIFORNIA BOARD OF PRISON HEARINGS,<br><br>　　　　Respondent.<br>_____ | No. C 06-3080 MMC (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS; DIRECTING PETITIONER TO FILE AMENDED PETITION OR REQUEST FOR STAY**<br><br>(Docket No. 10) |

　　　　On May 8, 2006, petitioner, a California prisoner incarcerated at the Correctional Training Facility, Soledad, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 26, 2006, after reviewing the petition, the Court ordered respondent to file an answer showing cause why the petition should not be granted, or in the alternative, a motion to dismiss on procedural grounds. Respondent chose the latter course, and has filed a motion to dismiss the petition for failure to exhaust. See 28 U.S.C. § 2254(b)-(c). Petitioner has filed an opposition, and respondent has filed a reply.

**BACKGROUND**

　　　　Petitioner was convicted, in Butte County Superior Court, of conspiracy to commit murder; he was sentenced to a term of fifteen years to life in state prison. In 2005, the California Board of Prison Hearings ("BPH"), for the second time, denied petitioner parole. Petitioner challenged this decision by habeas petitions filed in the Butte County Superior Court and the California Court of Appeal, and by a petition for review filed in the California

Supreme Court. All three challenges were denied summarily.

In the instant petition, petitioner raises the following claims, which this Court found cognizable in its order to show cause: (1) the BPH's decision was not supported by any evidence, thus violating petitioner's constitutionally protected liberty interest in parole; and (2) the BPH failed to follow its own regulations requiring the decision be based upon at least a preponderance of the evidence, in violation of petitioner's right to due process.

**DISCUSSION**

Respondent moves to dismiss the petition on the ground it is unexhausted because petitioner did not fairly present his "preponderance of the evidence" claim for review to the state courts. Petitioner maintains that the claim was fairly presented, and, even if it was not, it is exhausted because no further avenue of state court review remains available to him.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "the initial 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted). The exhaustion requirement is satisfied only if the federal claim has been "fairly presented" to the state courts. See id.; Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). The exhaustion requirement also may be satisfied if no state remedy remains available. See Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. See Rhines v. Webber, 544 U.S. 269, 273 (2005).

There is no dispute that petitioner presented both of his federal claims to the California Supreme Court in his February 17, 2006 petition for review. (Resp.'s Ex. 1.) Respondent argues, however, that the petition for review did not fairly present the

2

preponderance of the evidence claim to the Supreme Court because petitioner did not raise that claim in the habeas petitions he filed in the superior court (Resp.'s Ex. 3) and the appellate court (Resp.'s Ex. 2). Petitioner concedes that he raised the claim only in his petition for review, but argues this constituted fair presentation.

As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts in the manner required by the state courts, thereby affording the state courts a meaningful opportunity to consider allegations of legal error. Casey v. Moore, 386 F.3d 896, 915-16 (9th Cir. 2004), cert. denied, 545 U.S. 1146 (2005). In Castille v. Peoples, 489 U.S. 346, 351 (1989), the United States Supreme Court held that a claim was not fairly presented where it was raised for the first time on discretionary review to the state's highest court and denied without comment. In so holding, the Supreme Court stated: "[W]here the [federal] claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons . . . [r]aising the claim in such a fashion does not . . . constitute fair presentation." Id. The Ninth Circuit has interpreted Castille to stand for the proposition that a petitioner does not fairly present a federal claim to the state courts if he seeks review of the claim for the first time on discretionary appeal. See Casey, 386 F.3d at 917-18 (holding petitioner did not exhaust federal claims where they were raised for first and only time in discretionary petition for review to Washington State Supreme Court).

The procedural posture of petitioner's preponderance of the evidence claim in the instant petition is indistinguishable from that of the petitioner's claims in Casey. The language of Rule 8.500(c)(1) of the California Rules of Court makes clear that a petition for review to the California Supreme Court is a discretionary appeal: "As a policy matter, on petition for review the Supreme Court normally will not consider an issue that the petitioner failed to timely raise in the Court of Appeal." Here, petitioner raised his preponderance of the evidence claim only in his petition for review to the California Supreme Court, and that court denied the petition without comment. Accordingly, this Court finds that petitioner did not fairly present his preponderance of the evidence claim for review to the state courts.

Petitioner next argues that, even if the claim was not fairly presented, it is exhausted because the California Supreme Court would refuse a newly-filed habeas petition as untimely, and no further avenue of state review remains available. While the exhaustion requirement may be satisfied if no state remedy remains available, see Casey, 386 F.3d at 920, petitioner's argument is unpersuasive. In Casey, the Ninth Circuit found no further state remedies remained available to the petitioner because Washington's statutory one-year time limit for filing a collateral attack on a criminal judgment had expired. See id. In the instant case, however, no such statute or clearly defined time limit for filing an original habeas corpus petition in the California Supreme Court exists. California's timeliness rule bars habeas petitions that are filed after "substantial delay." King v. Lamarque, 464 F.3d 963, 966 (9th Cir. 2006). A California habeas petitioner thus must justify any "significant" or "substantial" delay in seeking habeas corpus relief. Id. The Ninth Circuit has found, however, that in noncapital cases, the California Supreme Court has neither a standard for determining what period of time or factors constitute "substantial delay" nor a standard for determining what factors justify any particular length of delay. Id. Rather, the California Supreme Court has applied the timeliness rule inconsistently, leaving its requirements unclear. Id. Under such circumstances, this Court finds unpersuasive petitioner's argument that no further state remedy remains available to him to exhaust his preponderance of the evidence claim because of the timeliness rule.

Having concluded that petitioner did not exhaust his preponderance of the evidence claim, the Court will GRANT respondent's motion to dismiss the petition as a "mixed" petition that contains both an exhausted and unexhausted claim. See Rhines, 544 U.S. at 273. Before entering a judgment of dismissal, however, the Court must provide petitioner an opportunity to amend the mixed petition by striking his unexhausted claim as an alternative to suffering dismissal. Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005) (citing Rhines, 544 U.S. at 277). As a further alternative, the Court may stay the mixed petition while petitioner returns to state court to exhaust his unexhausted claim. See Rhines, 544 U.S. at 277. Accordingly, petitioner may choose either to amend his petition and proceed only

4

with his exhausted claim, or request a stay of the petition while he exhausts his unexhausted claim in state court.  A stay will not be granted, however, unless petitioner can show there was good cause for his failure to exhaust his preponderance of the evidence claim in state court and the claim is potentially meritorious.  See id.

## CONCLUSION

For the reasons stated above, the Court hereby orders as follows:

1. Respondent's motion to dismiss (Docket No. 10) is GRANTED.

2. No later than **thirty (30) days** from the date of this order, petitioner shall either: (1) file an amended petition that includes only his exhausted claim and strikes the unexhausted claim, or (2) file a request for a stay of this matter while he exhausts his unexhausted claim in state court.

3. If petitioner chooses to file an amended petition, he must include the caption and civil case number used in this order, No. C-06-3080 MMC (PR), as well as the words FIRST AMENDED PETITION on the first page; petitioner shall not incorporate material from the original petition by reference.

4. If petitioner fails to file either an amended petition or a request for a stay as ordered herein, the petition will be dismissed without prejudice to petitioner's later filing a new petition that contains only exhausted claims.

This order terminates Docket No. 10.

IT IS SO ORDERED.

DATED: August 10, 2007

MAXINE M. CHESNEY
United States District Judge