IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THARON B. HILL, ) | No. C 06-3080 MMC (PR) |
| Petitioner, ) | **ORDER TO SHOW CAUSE** |
| v. ) | |
| CALIFORNIA BOARD OF PRISON HEARINGS, ) | |
| Respondent. ) | |
| _____ ) | |

On May 8, 2006, petitioner, a California prisoner incarcerated at the Correctional Training Facility, Soledad, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges the denial of parole by the California Board of Prison Hearings ("BPH"). On June 26, 2006, the Court found cognizable petitioner's claims that (1) the BPH's decision was not supported by any evidence, thus violating petitioner's constitutionally protected liberty interest in parole; and (2) the BPH failed to follow its own regulations requiring the decision be based upon at least a preponderance of the evidence, in violation of petitioner's right to due process. The Court ordered respondent to file an answer showing cause why the petition should not be granted, or in the alternative, a motion to dismiss on procedural grounds. Thereafter, respondent filed a motion to dismiss the petition for failure to exhaust state remedies, on the ground petitioner had not fairly presented his preponderance of the evidence claim to the California Supreme Court; petitioner opposed the motion and respondent filed a reply.

On August 10, 2007, the Court found the preponderance of the evidence claim to be unexhausted and granted the motion to dismiss the petition as a mixed petition; the Court provided petitioner an opportunity either to amend the mixed petition by striking his unexhausted claim, or to request a stay of the petition while he exhausted his unexhausted claim in state court. On August 22, 2007, petitioner filed an amended petition containing only his exhausted claim; on March 24, 2008, he filed a list of additional authorities in support thereof.

In light of the foregoing, respondent will be ordered to show cause why the writ should not be granted based on petitioner's exhausted claim found cognizable in the Court's June 26, 2006 order to show cause; specifically, the claim that the BPH's decision was not supported by any evidence, in violation of petitioner's constitutionally protected liberty interest in parole.

## CONCLUSION

For the reasons stated above, the Court hereby orders as follows:

1. The Clerk of the Court shall serve by certified mail a copy of this order, <u>the amended petition, along with all attachments thereto, and petitioner's additional authorities in support thereof</u> (Docket Nos. 15 & 16), on respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claim. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

3. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this

2

order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

    4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

    5. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    6. Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

DATED: May 19, 2008

_____
MAXINE M. CHESNEY
United States District Judge

3